IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRITTANY JAMESON | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | Civil Action No. |
| | § | |
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, | § | |
| | § | |
| | § | |
| Defendant. | § | |

COMPLAINT

Plaintiff Brittany Jameson, for her Complaint against The Lincoln National Life Insurance Company, would show as follows:

Parties, Jurisdiction and Venue

1. Plaintiff is an individual citizen of Texas.

2. Defendant is a corporation not organized under Texas law and not maintaining its principal place of business in Texas, and may be served through its registered agent for service of process in Texas, Corporation Service Company, 211 E. 7th Street., Suite 620, Austin, Texas 78701-3218.

3. Jurisdiction is proper on the ground of diversity of citizenship under 28 U.S.C. §1332.

4. Venue is proper.

Facts

5. Prior to November 2011, Plaintiff was employed as a Quality Assurance Specialist with the Dallas Housing Authority, and through such employer, covered in 2015 by a short-term disability benefits policy administered and insured by Defendant. As of June 2015, Plaintiff could no longer continue to work full-time, as a result of problems associated with psoriatic arthritis and fibromyalgia. Plaintiff accordingly made a claim to benefits under Defendant's short-term disability benefits policy as of June 16, 2015.

6. By letter dated August 10, 2015, Defendant denied short-term benefits to Plaintiff under the short-term disability benefits policy stating the frequency of treatment did not support the need to be off work.

7. By letter dated August 24, 2015, Plaintiff appealed Defendant's denial of benefits under the short-term disability benefits policy and provided pertinent medical and other records of Plaintiff to support such appeal.

8. By letters dated September 14, 2015, Defendant reiterated its denial of short-term disability benefits to Plaintiff.

9. By letters dated December 15, 2015 and February 29, 2016, Plaintiff appealed the September 14, 2015 denial of short-term disability benefits to Plaintiff and provided records medical records to support such appeal.

10. By letter dated March 14, 2016, Defendant reiterated its denial of short-term disability benefits to Plaintiff.

Claim

11. For her first cause of action, Plaintiff would show that Defendant wrongfully denied benefits due to her under the short-term disability benefits policy. Defendant is accordingly liable for all benefits due but not paid to Plaintiff under the short-term disability benefits policy, the present value of all future benefits due under the short-term benefits policy, prejudgment interest and his attorney's fees and expenses and costs of court.

12. For her second cause of action, Plaintiff would show that Defendant violated Chapter 541 of the Texas Insurance Code in that it engaged unfair and deceptive practices by delaying making payment to Plaintiff of short-term disability benefits it should have made, and failed to avoid actions causing delay in the provision of short-term disability benefits to which Plaintiff was entitled, despite the fact that its liability to make such payments was clear. Specifically, Defendant engaged in one or more of the following practices in violation of Chapter 541 of the Texas Insurance Code: it failed to attempt in good faith to pay short-term disability benefits due Plaintiff as and when appropriate even when its liability was reasonably clear; failed to promptly provide to Plaintiff a reasonable explanation of the factual and legal basis for the delay in payment of short-term disability benefits due to Plaintiff; and failed to pay short-term disability benefits to Plaintiff within a reasonable time, without conducting a reasonable investigation of Plaintiff’s claim to continuing long-term disability benefits. Plaintiff is accordingly entitled to recover her actual damages, attorney's fees and expenses, pre-judgment interest, and costs of suit, and on account of the nature of the conduct of Defendant, including but not limited to its knowing nature, statutory additional damages as well as damages for mental anguish.

13. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff prays this Court grant her judgment against Defendant for all appropriate relief.

Respectfully submitted,

/s/ Robert E. Goodman, Jr.
Robert E. Goodman, Jr.
State Bar No. 08158100
reg@kilgorelaw.com
Kilgore & Kilgore, PLLC
3109 Carlisle Street
Dallas, Texas 75204
(214) 379-0823
(214) 379-0840 (telecopy)

COUNSEL FOR PLAINTIFF